UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

MARLYS C. NAVARRO and
ANTHONY J. LULLING,

      Plaintiffs,

vs.                                               11-CV-25 JAP/WDS

FARMERS INSURANCE GROUP,
FARMERS INSURANCE COMPANY
OF ARIZONA and
MARY C. MUNOZ-NUNEZ,

      Defendants.

MEMORANDUM OPINION AND ORDER

On January 19, 2011, Plaintiffs Marlys C. Navarro and Anthony J. Lulling (Plaintiffs)

filed Plaintiffs' Motion to Remand, And Memorandum In Support Thereof (Doc. No. 23)

(Motion). On February 25, 2011, Defendant Farmers Insurance Company of Arizona (Farmers)[1]

and Defendant Mary C. Munoz-Nunez (Munoz-Nunez) filed their Opposition To Motion To

Remand (Dkt. # 23) (Doc. No. 35) (Response). On March 15, 2011, Plaintiffs filed Plaintiffs'

Reply To Defendant's Opposition To Plaintiffs' Motion To Remand (Doc. No. 36) (Reply).

On May 9, 2011, Plaintiffs and Defendants Farmers and Munoz-Nunez filed their Joint

Motion To Stay This Case And Consent To And Joinder In Joint Request For Reconsideration

Of Request For Temporary Stay Filed In Related Case of *Stanforth v. Farmers Ins. Co. of Ariz.*,

---

[1] Even though Farmers Insurance Group was named as a party, it is a registered
trademark and, as such, is not a party to this action.

Case No. 1:09-CV-01146 RLP/RHS (Doc. No. 38) (Joint Motion to Stay Case).[2]

Because the Court lacks subject matter jurisdiction in this case, the Court will grant the

Motion and will remand the case to state court. The Court will decline to rule on the Joint

Motion to Stay Case.

## I. Background

On March 5, 2009, Plaintiffs filed a Verified Complaint for Declaratory Relief For

Uninsured Motorists Benefits, Professional Negligence, Unfair Insurance Practices Under

Section 59A-16-4, Unfair and Deceptive Insurance Practices Under Section 59A-16-3,

Unconscionable Trade Practices, Attorney's Fees and Costs, and Punitive Damages (Doc. No. 1-

1) (Complaint) in the First Judicial District Court, Santa Fe County, New Mexico, Case No. D-

0101-CV-2009-00728 (state court action). In the Complaint, Plaintiffs alleged that on October

19, 2008 an uninsured/underinsured motorist (UM/UIM) caused a "catastrophic road rage

incident and severe motor vehicle collision" from which both Plaintiffs suffered "severe" and

"substantial" injuries with total damages exceeding $250,000. (*See* Compl. ¶¶ 34-37.) Plaintiffs

also alleged that Farmers' UM/UIM Selection/Rejection forms were contrary to New Mexico

statutory, regulatory and case law and were ineffective to reject UM/UIM coverage. Plaintiffs

claimed that they were entitled to reform their policies to include UM/UIM bodily injury

coverage in an amount equal to the liability limits of their policies. The liability limit of each

---

[2] In the Joint Motion to Stay Case, Plaintiffs and Defendants Farmers and Munoz-Nunez allege that this putative class action raises issues of fact and law that are materially similar to another class action filed in this district against Farmers that is currently pending before United States District Court Judge Judith C. Herrera, *Stanforth v. Farmers Ins. Co. of Ariz.*, Case No. 09-CV-01146. Plaintiffs assert that the parties in both actions wish to enter into joint discussions and attempt a single unified resolution of these cases by settlement through a private mediator. In *Stanforth*, a stay has been granted. *See* Case No. 09 CV 1146, Doc. No. 74.

policy was $250,000 for each person and $500,000 for each occurrence. (*Id.* ¶¶ 24-35, 37, 44, 46,

55.) [3] Plaintiffs further alleged that Farmers failed to pay them the benefits due under their

policies. (*Id.* ¶ 59.) In addition to Defendant Farmers, Plaintiffs named Munoz-Nunez, their

insurance agent, as a defendant. (*Id.* ¶ 13.)

Plaintiffs asserted four claims solely against Munoz-Nunez: Count I for Declaratory

Relief, Count II for Fraudulent Misrepresentation, Count III for Negligent Misrepresentation,

and Count IV for Professional Negligence. Plaintiffs asserted five claims against both Farmers

and Munoz-Nunez: Counts V and VI for Unfair and Deceptive Insurance Practices under NMSA

1978, §§ 59A-16-3 and 59A-16-4, Count VII for Unfair and Unconscionable Trade Practices

under NMSA 1978 § 39-2-1, Count IX for Punitive Damages, and Count X for Attorney's Fees

and Costs. Plaintiffs asserted one claim against Farmers only: Count VIII for Undisputed

Insurance Benefits. (*Id.* ¶¶ 60-95.)

On August 7, 2009, Plaintiffs filed in the state court action a Motion and Memorandum

For Summary Judgment On Uninsured Motorist Limits (Doc. No. 34-3) (Plaintiffs' MSJ). In

Plaintiffs' MSJ, Plaintiffs sought summary judgment against Farmers asking the state court to

enter a declaratory judgment reforming the policies to provide UM/UIM benefits in an amount

equal to the liability limits of the two policies. The Plaintiffs specifically stated that they were

not seeking summary judgment on their claims against Munoz-Nunez. (*Id.* at 3-4.)

---

[3] In the Complaint, Plaintiffs alleged that they are Class 1 insureds under three automobile liability policies issued by Farmers and that Plaintiffs were entitled to stack the three UM/UIM coverages. Plaintiffs claimed that they are entitled to a total of $750,000 in bodily injury benefits.  Plaintiffs later conceded that they were seeking benefits under only two insurance policies. (*See* Compl. Doc. No. 1-1 ¶ 9.) Plaintiffs were insured under two Farmers insurance policies: 1)  Policy No. 1617686-28-73 issued to Plaintiff Navarro; and 2)  Policy No. 1617777-96-53 issued to Plaintiff Lulling. (Compl. ¶ 33.)

On October 27, 2009, the state court entered an Order Granting In Part And Denying In Part Plaintiffs' Motion For Summary Judgment On Uninsured Motorists Limits (Doc. No. 34-6) (Order). In the Order, the court reformed the two insurance policies to provide UM/UIM coverage "equal to the liability limits of $250,000.00/$500,000.00." (*Id.* at 1.) The court denied without prejudice Plaintiffs' request for attorney's fees and costs. After the state court entered the Order, "the parties arbitrated their claims to conclusion." (*See* Pet. ¶ 19.)

On September 9, 2010, the arbitrators awarded Plaintiff Navarro compensatory damages in the amount of $103,000 and punitive damages in the amount of $150,000. The Arbitrators awarded Plaintiff Lulling compensatory damages in the amount of $51,700 and punitive damages in the amount of $150,000. (Doc. No. 1-13.) On October 27, 2010, Farmers tendered a check in the amount of $193,000 to Plaintiff Navarro and a check in the amount of $141,700 to Plaintiff Lulling. (Doc. No. 1-14.)

On December 10, 2010, Plaintiffs filed the Petition for Supplemental Declaratory Judgment (Petition), alleging class action claims on behalf of "[a]ll New Mexico policyholders to whom Farmers issued [a] . . . policy or renewal policy . . . in force on or after February 8, 2001" that provided less UM/UIM coverage than the amount of liability coverage for which Farmers did not obtain an effective written rejection. (Pet. ¶ 21.) [4]

On January 7, 2011, Farmers removed the case to this Court asserting that this Court has original jurisdiction over the class claims asserted in the Petition under the Class Action Fairness

---

[4] The New Mexico Supreme Court has held that when an insurer fails to obtain an effective written rejection of UM/UIM coverage, the court will "read into" a policy UM/UIM coverage in an amount equal to the amount of liability coverage provided in a policy. *Jordan v. Allstate Ins. Co.*, 2010-NMSC-01, 149 N.M. 162, 245 P.3d 1214. The court's holding was made retroactive to February 8, 2001. *Id.*

Act of 2005 (CAFA), Pub. L. No. 109-2, 119 Stat. 4 (2005) (codified in various sections of title

28 of the Unites States Code).[5] In the Motion, Plaintiffs argue that the Court does not have

jurisdiction under CAFA because the Petition does not meet the statutory requirement that the

amount in controversy exceed $5,000,000. However, the Court will not reach that issue because

the Petition is not an authorized amended complaint, and the Court must remand for lack of

subject matter jurisdiction.

## II. Discussion

### A. Removal Jurisdiction

Section 1441 of title 28 provides,

> any civil action brought in a State court of which the district courts of the United States
> have original jurisdiction, may be removed by the defendant or the defendants, to the
> district court of the United States for the district and division embracing the place where
> such action is pending.

28 U.S.C. § 1441(a). A federal district court has original jurisdiction if the case involves a

federal question or diversity of citizenship, including cases that fulfill the requirements of

CAFA. *See Caterpillar, Inc. v. Williams*, 482 U.S. 386 (1987).

Section 1446 of title 28 governs the procedure for removal:

> The notice of removal of a civil action or proceeding shall be filed within thirty days
> after the receipt by the defendant, through service or otherwise, of a copy of the initial
> pleading setting forth the claim for relief upon which such action or proceeding is based,
> . . .

---

[5] In CAFA, Congress amended the diversity jurisdiction provisions of 28 U.S.C. § 1332 to confer federal jurisdiction over class actions involving 1) over $5,000,000 in controversy and 2) minimal diversity (diversity between at least one defendant and one plaintiff class member). *Prime Care of Northeast KS., LLC v. Humana Ins. Co.*, 447 F.3d 1284, 1285 (10th Cir. 2006); 28 U.S.C. § 1332(d)(2)(A). CAFA provides an exception to federal jurisdiction for cases in which "the number of members of all proposed plaintiff classes in the aggregate is less than 100." 28 U.S.C. § 1332(d)(5)(B). Therefore, in addition to the amount in controversy and minimal diversity, CAFA cases must involve a plaintiff class that has more than 100 members. *Id.*

> **If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable**, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

28 U.S.C. § 1446(b) (emphasis added). "Generally, the second paragraph of § 1446(b) is designed to allow a defendant to remove a state action when it was not originally removable as stated by the plaintiff's initial complaint in the state court, but has become removable. . . ." *Id.* at 408 (citations omitted). Farmers asserts that with the filing of the Petition, the case has became removable under the second paragraph of § 1446(b).

Section 1446(b), must be strictly followed and is to be narrowly construed. *See Fajen v. Found. Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir.1982) ("Removal statutes are to be strictly construed, and all doubts are to be resolved against removal.") (internal citations omitted). As the party asserting jurisdiction, Farmers has the burden of proving all jurisdictional facts and of establishing a right to removal. *Chavez v. Kincaid*, 15 F. Supp. 2d 1118, 1119 (D.N.M. 1998). *See also McPhail v. Deere & Co.*, 529 F.3d 947, 953 (10th Cir.2008) ("[A]ccording to this and most other courts, the defendant is required to prove jurisdictional facts by a 'preponderance of the evidence'"). The Tenth Circuit has explained that, "[g]iven the limited scope of federal jurisdiction, there is a presumption against removal, and courts must deny such jurisdiction if not affirmatively apparent on the record." *Okla. Farm Bureau Mut. Ins. Co. v. JSSJ Corp.*, 149 Fed. Appx. 775, 778 (10th Cir.2005) (unpublished decision). "[T]he propriety of removal is judged on the complaint as it stands at the time of removal." *Pfeiffer v. Hartford Fire Ins. Co.*, 929 F.2d 1484, 1488 (10th Cir.1991) (citing *Pullman Co. v. Jenkins*, 305 U.S. 534, 537 (1939)). Although Farmers contends that the Petition provides the basis for its removal under CAFA, the Petition is

not the operative complaint in this case.

### B. Removal Was Premature Because The Petition Is Not An Authorized Amended Complaint

Plaintiffs were required to obtain leave from the state court before filing the Petition.

Rule 1-015(A) NMRA governs amendments to pleadings:

> A. Amendments. A party may amend his pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it at any time within twenty (20) days after it is served. **Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires**. . . .

NMRA 1-015(A) (emphasis added).

Since Plaintiffs failed to obtain leave of the state court to file the Petition, the Petition at most would be considered a request for leave to amend the Complaint. *See Martinez v. Potter*, 347 F.3d 1208, 1211 (10th Cir. 2003) (stating that unlike other circuit courts, the Tenth Circuit Court of Appeals has allowed district courts to consider new allegations raised in a response to a summary judgment motion as a request for leave to amend a complaint). Although the case has been removed, the status of the Petition did not change. The Petition, as a motion to amend the Complaint, cannot confer jurisdiction on this Court. *See Miller v. Stauffer Chemical Co.*, 527 F. Supp. 775, 777-78 (D. Kan. 1981) (stating that a motion to amend after a responsive pleading has been filed cannot provide basis for federal jurisdiction if original complaint did not invoke federal jurisdiction).

Farmers asserts that after receiving the Petition, it had to remove the case to preserve its right to adjudicate the class claims in a federal forum. Farmers correctly asserts that it would have waived its right to remove if Farmers failed to remove within 30 days after receipt of "an amended pleading, motion, . . . or other paper" from which it ascertained that the case had

become removable as provided in 28 U.S.C. § 1446(b). *See Huffman v. Saul Holdings Ltd.*

*P'ship*, 194 F.3d 1072, 1077 (10th Cir. 1999) (stating that a defendant who does not act within

the statutory removal deadlines waives its right to remove the action to federal court). Farmers

also recognizes, however, that at this stage in the case, the Petition should be treated as a motion

to amend the Complaint.[6] Farmers maintains that it removed the case within thirty days after

receiving the Petition "out of an abundance of caution in order to preserve all of [Farmer's]

rights to remove this case to Federal Court." (Not. Rem. ¶ 3.)

Farmers' immediate removal after receipt of the Petition reflects an understanding that

some courts require removal within 30 days of service of a motion to amend a complaint. *See,*

*e.g., Webster v. Sunnyside Corp.,* 836 F. Supp. 629, 630 (S.D. Iowa 1993) (holding that

commencement of the 30-day removal period started on the date the defendants received the

motion to amend stating a theory based on federal law) and *Harriman v. Liberian Maritime*

*Corp.*, 204 F. Supp. 205, 206-07 (D. Mass. 1962) (holding that in diversity case, time for

removal runs from date of defendant's receipt of motion to increase the prayer to a sum in excess

of federal jurisdictional amount).

However, a majority of federal district and circuit courts, including district courts in the

Tenth Circuit, hold that a defendant may not remove a case that was originally non-removable

based on a motion to amend a complaint even if the proposed amended complaint invokes

federal jurisdiction. *See generally, Douklias v. Teacher's Ins. and Annuity Ass'n*, 35 F. Supp. 2d

612, 615 (M.D. Tenn. 1999) (stating that the majority of courts have held that when a plaintiff

---

[6] In its Notice of Removal (Doc. No. 1), Farmers states, "Defendants believe the Petition should be treated as a Motion to Amend the Complaint and that Plaintiffs' Petition is not the proper method for injecting class allegations into the State Court Action[.]" (*Id.* ¶ 3.)

seeks to amend a complaint to add claims under federal jurisdiction, the 30-day period in the

second paragraph of 28 U.S.C. § 1446(b) commences upon either the granting of the motion to

amend or the actual filing and service of the amended complaint).

     *Subway Restaurants, Inc. v. Banks*, No. Civ. A. No. 94-2017-GTV, 1994 WL 68745, *2

(D. Kan., Feb. 24, 1994) involved a factual scenario similar to this one. Subway Restaurants, Inc.

(Subway) initiated the suit in Kansas state court seeking damages for breach of a franchise

agreement. Three years later, the state court judge granted Subway leave to amend its petition to

add a federal question claim for trademark infringement under the Lanham Act, 15 U.S.C. §

1051 et seq. Within 30 days of the state court's order allowing leave to amend, the defendants

removed the case to the United States Court for the District of Kansas. In its motion for remand,

Subway contended that the removal was improper because it was based on Subway's having

been granted leave to amend its complaint to add a federal claim, but Subway had not actually

filed the amended complaint and had no intention of doing so. The United States District Court

agreed and remanded the case stating that "neither filing a motion to amend a complaint nor

being granted leave to amend will make removable a state court action that otherwise lies outside

the perimeters of federal jurisdiction." *Id.* (citing *Miller*, 527 F. Supp. at 777-78 and *Christian v.*

*College Boulevard Nat'l Bank*, 795 F. Supp. 370 (D. Kan.1992)). Since Subway did not file an

amended complaint, the case did not "become removable" under the second paragraph of §

1446(b).

     Although the Tenth Circuit Court of Appeals has not directly spoken on this issue,

district courts within the Tenth Circuit follow the majority rule as illustrated by the *Subway* case.

Under the majority rule, "the date of service of the amended pleading itself should control to

determine removability and to trigger the time within which removal is proper." *Miller*, 527 F.

Supp. at 777.

> In *Miller* the court outlined the basis for the majority rule:

> For the following reasons, . . . this is the only sensible rule to apply when the time within which plaintiff may amend his complaint as of right has expired. First, the mere filing of a motion to amend does not affect the existence or non-existence of federal jurisdiction and cannot make an action removable that was not removable under the original complaint. Second, we decline to designate the date on which the state court grants leave to amend as the event which triggers the thirty-day removal period because such a rule would encourage defendants to seek removal before the filing of an amended complaint to avoid forfeiting their right to remove even though such a complaint might never be filed. This would allow lawsuits with no apparent foundation for the exercise of federal jurisdiction to be prematurely or "improvidently" removed to federal courts. . . . **Finally, the filing of an amended complaint out of time and without leave of the court or consent of the adverse parties as required by [Rule 15(a)] does not affect the existence of federal jurisdiction or the propriety of removal and does not trigger the thirty-day removal period of § 1446(b).**

*Id.* (emphasis added). In this case, the filing of the Petition out of time and without leave of the state court, did not trigger the thirty-day removal period of § 1446(b).

United States District Judge James O. Browning of the District of New Mexico followed the majority rule in *Stark-Romero v. National R.R. Passenger Corp. (Amtrak)*, No. Civ. 10-0778 JB/RLP, 2011 WL 395442, *39-40 (D.N.M. Jan. 12, 2011), a case with facts analogous to this case. In *Stark-Romero*, the plaintiff brought a wrongful death action in state court against Amtrak and other defendants arising from a railroad crossing accident. Amtrak removed the original action to federal court, but the action was remanded because not all of the defendants had consented to the removal. The state court later permitted Emilio and Helen Esquibel (the Esquibels) to intervene for discovery purposes, and the Esquibels were allowed to file a complaint-in-intervention with claims against Amtrak arising from a different railroad crossing accident. Amtrak again removed the action to federal court. Judge Browning held that Amtrak could remove the Equibels' action as an independent "civil action" and that federal question

jurisdiction existed over their claims against Amtrak. Judge Browning also held that Amtrak's

second removal was timely because the 30-day period in § 1446(b) began to run only after the

plaintiff-interveners served the defendants with their complaint–in–intervention and a summons.

*Id.*

Judge Browning based his ruling in part on *Murphy Bros. v. Michetti Pipe Stringing, Inc.*,

526 U.S. 344 (1999), in which the Supreme Court held that the 30-day removal period in the first

paragraph of § 1446(b) begins to run when a defendant receives service of the summons and

original complaint and not when the defendant received a courtesy copy of the original

complaint before it was filed. *Id.* at 348. Applying *Murphy Bros.* to a removal after a motion to

intervene and a proposed complaint-in-intervention, Judge Browning said,

> Because the Supreme Court in *Murphy Bros.* . . . , held that the time to remove is
> triggered by "simultaneous service of the summons and complaint," not by mere receipt
> of a courtesy copy of the complaint "unattended by any formal service," **the Court finds
> that service of the motion to intervene and proposed Complaint–in–Intervention,
> which were unattended by formal service—given that the state court had not yet
> granted the motion—did not trigger the time to remove.** Instead, the Court holds that
>  . . . the . . . service of the summons and Complaint–in–Intervention on the Defendants
> triggered the time to remove.

*Id.* *40 (citing *Murphy Bros.,* 526 U.S. at 347–48) (emphasis added). Judge Browning reasoned

that "the state court could have denied the Plaintiffs' motion to intervene[; therefore,] . . . service

of the motion [did not] start[] the removal period." *Id.*

As Judge Browning concluded in *Stark-Romero*, this Court concludes that Plaintiffs'

filing and service of the Petition without leave of the state court did not trigger the 30-day

removal period. The filing of the Petition, which at most would have constituted a motion for

leave to amend the Complaint, could not give rise to federal jurisdiction until Plaintiffs obtained

leave from the state court to file the Petition.

### C. The Court Lacks Jurisdiction Over Removed Case

If at any time "a federal court determines that it is without subject matter jurisdiction,

the court is powerless to continue[,]" and the case should be remanded. *Cunningham v. BHP*

*Petroleum Great Britain PLC*, 427 F.3d 1238, 1245 (10th Cir.2005) (citation omitted). *See also*

28 U.S.C. § 1447© (stating, ". . . [i]f at any time before final judgment it appears that the district

court lacks subject matter jurisdiction, the case shall be remanded. . . .")

Since the Petition fails to establish a basis for federal jurisdiction, the Court must look to

the Complaint to see if it does. At the time of removal, this case did not fit within this Court's

jurisdiction because the case did not meet the statutory requirements for diversity jurisdiction,

which state,

> (a) The district courts shall have original jurisdiction of all civil actions where the matter
> in controversy exceeds the sum of value of $75,000, exclusive of interest and costs, and
> is between–
>     (1) citizens of different States[.]

28 U.S.C. 1332(a). Section 1332(a) requires complete diversity of citizenship among the

plaintiffs and defendants. *Carden v. Arkoma Assocs.*, 494 U.S. 185, 187 (1990). "Complete

diversity" exists when "all parties on one side of the litigation are of a different citizenship from

all parties on the other side of the litigation." *Depex Reina 9 P'ship v. Texas Int'l Petroleum*

*Corp.*, 897 F.2d 461, 463 (10th Cir. 1990). As a corporation, Farmers is a citizen of Arizona

because it is incorporated in and has its principal place of business in Arizona. (Not. of Rem. ¶

4.) Plaintiffs Navarro and Lulling are citizens of New Mexico. Defendant Munoz-Nunez,

however, is also a citizen of New Mexico. Plaintiffs' Complaint clearly does not invoke federal

diversity jurisdiction because complete diversity of citizenship between the Plaintiffs, on one

side, and Farmers and Munoz-Nunez, on the other side, is absent.

Significantly, even if there were complete diversity of citizenship between Plaintiffs and Defendants, Farmers could not have removed at this late date because the case had been pending for more than one year. 28 U.S.C. § 1446(b) (providing that diversity case cannot be removed "more than 1 year after commencement of the action.").

Although Farmers removed out of an abundance of caution, the removal was premature because at the time of removal, the basis for this Court's jurisdiction had not been established. Consequently, the Court completely lacks jurisdiction even jurisdiction to rule on the Joint Motion to Stay Case. Thus, the Court will grant the Motion and will decline to rule on the Joint Motion to Stay Case.

### E. Plaintiffs Are Not Entitled To Attorney's Fees And Costs

In the Motion, Plaintiffs have requested that the Court grant an award of fees under 28 U.S.C. § 1447(c), which provides that an order remanding a case to state court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." *Id.* The key factor in determining whether to award fees under § 1447(c) is "the propriety of the defendant's removal." *Martin v. Franklin Capital Corp.*, 393 F.3d 1143, 1146 (10th Cir. 2004), *aff'd* 546 U.S. 132 (2005). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin*, 546 U.S. at 141. It is within the court's discretion to grant or deny an award of just costs and expenses. *Id.*

Other than making a general request for fees and citing the statute, Plaintiffs have not presented an argument supporting an award of Plaintiffs' expenses and attorney's fees incurred in the removal and remand. Farmers acted to preserve it right to remove, and as discussed *supra*, some courts have ruled that a motion to amend a complaint can trigger the 30-day period in §

13

1446(b). *See, e.g., Webster,* 836 F. Supp. at 630 (holding that removal period started on the date

of receipt of the motion to amend asserting federal claim) and  *Harriman*, 204 F. Supp. at 206-07

(holding that time for removal runs from the defendant's receipt of motion to increase damages

to an amount above the federal jurisdictional amount). Thus, the Court does not find that

Farmers lacked an objectively reasonable basis for seeking removal, and the Court will deny

Plaintiffs' request for fees and expenses.

        IT IS THEREFORE ORDERED that

        1. Plaintiffs' Motion to Remand, And Memorandum In Support Thereof (Doc. No. 23) is

granted in part, and the case will be remanded to the First Judicial District Court, Santa

Fe County, New Mexico.

        2. Plaintiffs' Motion to Remand, And Memorandum In Support Thereof (Doc. No. 23) is

denied in part in that Plaintiffs' request for an award of expenses and attorney's fees is

denied.

        3. The Court declines ruling on Plaintiffs' and Farmers Joint Motion To Stay This Case

And Consent To And Joinder In Joint Request For Reconsideration Of Request For

Temporary Stay Filed In Related Case of *Stanforth v. Farmers Ins. Co. of Ariz.*, Case No.

1:09-CV-01146 RLP/RHS (Doc. No. 38).

                            _____

                         SENIOR UNITED STATES DISTRICT JUDGE